IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

COREY COHRON                                                                                    PLAINTIFF

   v.                                         CIVIL NO. 20-5031

ANDREW M. SAUL, Commissioner
Social Security Administration                                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Corey Cohron, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for SSI on September 7, 2017, alleging an inability to work due to Ewing's Sarcoma and residual impairments to include chronic back problems, knee problems, hip problems, leg length problems and memory issues. (Tr. 82, 157). An administrative hearing was held on March 13, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 27-46).

By written decision dated July 18, 2019, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12). Specifically, the ALJ found Plaintiff had the following severe impairments: residuals of remote Ewing's sarcoma with left lower extremity atrophy and length discrepancy, and borderline intellectual functioning. However, after reviewing all of the evidence presented, the ALJ determined that

1

Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 416.967(a) except the claimant is able to occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl. He can perform work where interpersonal contact is incidental to the work performed and complexity of tasks is learned and performed by rote with few variables and little judgment. The supervision required is simple, direct, and concrete.

(Tr. 15). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a food and beverage order clerk, a charge account clerk, and a clerical mailer. (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 12, 2019. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 9th day of November 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE